IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JANA BALDRIDGE**                                                           **PLAINTIFF**

v.                              **CASE NO. 4:17-CV-00140 BSM**

**DEPARTMENT OF
VETERANS AFFAIRS**                                                         **DEFENDANT**

### ORDER

The Department of Veterans Affairs's ("VA") motion for summary judgment [Doc. No. 19] is granted and Jana Baldridge's case is dismissed with prejudice.

### I. BACKGROUND

Baldridge is suing the VA for violating Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and for retaliation. The undisputed facts are as follows:

Baldridge is a 64-year-old white woman. Pl.'s Resp. Def.'s F. ¶ 1–2. She is a nurse who began working in the psychiatric unit of the veterans hospital in 2011. *Id.* ¶ 3. Jennifer Booth-Newton is a black woman who hired and supervised Baldridge. *Id.* ¶ 4. Baldridge filed an EEOC Charge of Discrimination in March 2015, relating to another complaint. *Id.* ¶ 7. She filed the Charge of Discrimination regarding the issues herein in July 2016.

Baldridge had surgery in July 2015 and received 240 hours of leave under the Family and Medical Leave Act ("FMLA"). *Id.* ¶¶ 12, 14. Her doctor approved her to return to work on September 22, 2015, with restrictions. *Id.* ¶ 15. By the time Baldridge returned to work, she had been away for more than 240 hours, and was considered absent without leave ("AWOL"). When she returned to work, her poor health prevented her from returning to full

duty, and the VA sent her home until she could produce a doctor's note clearing her to return to full duty. *Id.* ¶¶ 17, 35–36. Baldridge requested to have her AWOL time converted to leave time, but the request was denied. *Id.* ¶¶ 19–20. She ultimately accumulated more than 200 AWOL hours.

Baldridge was placed on an employee improvement plan in April 2016, due to her extended AWOL time. *Id.* ¶¶ 38–39. She is unaware of anyone who accrued as much AWOL without being disciplined. *Id.* ¶ 40. Moreover, the improvement plan noted that Baldridge told Booth-Newton that she would not submit a doctor's note because she "had given them a dozen notes, and '[i]f they needed another note, they could go get it themselves.'" *Id.* ¶ 41. Two months later, the VA issued a termination plan, providing Baldridge one "last chance" to comply with the terms of her employment. *Id.* ¶¶ 43–44. Although Baldridge signed the last chance agreement, she revoked the agreement and resigned. *Id.* ¶ 45.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence

demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## II. DISCUSSION

Summary judgment is granted on all of Baldridge's claims.

A.   Race and Age Discrimination

*1. Direct Evidence*

Baldridge could survive summary judgment by presenting "direct evidence" of race and age discrimination, but she has failed to do so. Direct evidence would specifically link Booth-Newton's alleged animus to Baldridge's improvement plan, and would allow a reasonable fact finder to find that an illegitimate basis actually motivated the improvement plan. *See McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir. 2007).

Baldridge supports her race and age discrimination claims by pointing to a comment made by Booth-Newton in February 2015, in which she stated that she preferred to hire young black nurses because they were not scared of the psych patients. Def.'s F., Ex. 2, Dep. Jana Baldridge, 95:15–96:5. Although this statement is problematic, it is not direct evidence of race discrimination for two key reasons. First, Booth-Newton hired Baldridge, and there is a strong inference that race discrimination is not a motivating factor when the same person hires and disciplines an employee. *See Butler v. Sivyer Steel Corp.*, 507 Fed.Appx 642, 643

(8th Cir. 2013) (strong inference that no racial discrimination occurred when same supervisor hired and fired an employee); *see also Jones v. Forrest City Grocery Inc.*, No. 4:06-cv-00944 BSM, 2008 WL 2717738 at *6 (E.D. Ark. June 26, 2008) (strong inference that discrimination was not a factor in adverse employment action when same person hired and fired the employee).

Second, Booth-Newton made the statement fourteen months before Baldridge was placed on an improvement plan, so there is a strong inference that the adverse action taken against her was not related to the statement. *See Simmons v. Oce-USA, Inc.*, 174 F.3d 913, 916 (8th Cir. 1999) (no "causal link" between supervisor's racial comment and employee's discipline when the events were not "close in time"). This rationale also supports an inference that the statement is not direct evidence of age discrimination.

*2. Burden-Shifting Framework*

This section will only address Baldridge's race discrimination claim because she provides no indirect evidence of age discrimination.

Baldridge may survive summary judgment by creating an inference of unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This requires Baldridge to establish a prima facia case of discrimination. *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 864 (8th Cir. 2008). To meet her burden, she must show that: (1) she is a member of a protected class; (2) she was meeting the VA's legitimate job expectations; (3) she suffered an adverse employment

4

action; and (4) similarly situated employees outside the protected class were treated differently. *Id*. Further, because Baldridge is white, this is a reverse-racism case. *See Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 903 (8th Cir. 2015).

If Baldridge establishes a prima facie case, the VA must offer evidence to show there was a legitimate, nondiscriminatory reason for its actions. *McGinnis*, 496 F.3d at 873. If the VA articulates such a reason, the burden returns to Baldridge to show the VA's reason is pretextual. *Id*.

Baldridge has failed to establish a prima facie case of race discrimination because she has failed to show that she was meeting the legitimate job expectations of the VA or that similarly situated employees were treated differently. It is undisputed that Baldridge accrued more than 200 hours of AWOL, which means that she was failing to show up for work. Consequently, she was failing to meet the most basic expectation of employment. Furthermore, Baldridge claims a black nurse, Ashley White, "walked off the job like [she] was accused of doing, but was not subjected to disciplinary action." Pl.'s Br. Opp. Def.'s Mot. Summ. J., Doc. No. 27, at 19–20. White's conduct, however is not comparable to Baldridge's conduct because White left work early on one occasion, while Baldridge failed to appear for work for more than 200 unexcused hours.

Even if Baldridge could establish a prima facie case of race and age discrimination, the VA has presented a legitimate, nondiscriminatory reason for its employment action against her. *Bone v. G4S Youth Services, LLC*, 686 F.3d 948 (8th Cir. 2012). The VA has

5

a legitimate interest in having its employees show up for work. Reply Br. Supp. Summ. J., at 2.

Baldridge has failed to show that the VA's stated reason for placing her on an improvement plan is pretextual. Although she provided salary information for fifteen black employees and fourteen white employees, the records show that the white employees earn, on average, $20,000 more than the black employees. Doc. No. 27-1. Also, her supporting documents show that only one other white employee was disciplined by Booth-Newton. *Id.*

B.   Retaliation

Summary judgment is granted on Baldridge's retaliation claim because there is no causal connection between her March 2015 Charge of Discrimination and the actions taken against her.

To make a prima facie case of retaliation, Baldridge must show that: (1) she engaged in statutorily protected activity; (2) an adverse employment action was taken against her; and (3) a causal connection exists between the two events. *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 928 (8th Cir. 2007); *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1042–43 (8th Cir. 2007).

Baldridge has failed to establish a causal connection between the filing of the March 2015 Charge of Discrimination and her placement on an improvement plan because the time between them is too remote for there to be a causal connection. *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 986 (8th Cir. 2011) (no inference of retaliation exists "when the time

gap between the protected activity and the adverse employment action is measured in months"). Baldridge was put on the improvement plan thirteen months after she filed the charge. Moreover, the VA's refusal, in October 2015, to convert her AWOL to leave was not an "adverse employment action" because it was not a change in working conditions that caused a material employment disadvantage. *See Kelleher v. Wal-Mart Stores, Inc.*, 817 F.3d 624, 633 (8th Cir. 2016) (examples of adverse employment actions are terminations, reductions in pay or benefits, and changes in employment that significantly affect an employee's future career prospects). It is undisputed that the VA was not required to convert Baldridge's AWOL time to leave time and that Baldridge failed to request and receive approval for this leave before she took off. Pl.'s Resp. Def.'s F. ¶¶ 19–25.

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is granted, and Baldridge's case is dismissed with prejudice.

IT IS SO ORDERED this 10th day of October 2019.

_____
UNITED STATES DISTRICT JUDGE